IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PAUL DAVID HARRISON,           )
                               )     NO. 3:11-cv-1044
        Plaintiff,             )
                               )     JURY DEMAND
vs.                            )
                               )     JUDGE NIXON
CITY OF DICKSON, TENNESSEE and SETH )
GOODWIN,                       )     MAGISTRATE JUDGE KNOWLES
                               )
        Defendants.            )

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

Pursuant to the Notice of Initial Case Management Conference issued by the Clerk, the parties submit the following Proposed Case Management Order:

I. **Jurisdiction and venue.** Federal jurisdiction in this case is predicated on 28 U.S.C. § 1331, 1343 et. seq., and this case is brought under the authority if the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Defendants deny that the Court should exercise pendant jurisdiction over Plaintiff's State law claims.

II. **The parties' theories of the case.**

(a) <u>Plaintiff's theory of the case.</u>

It is the Plaintiff's theory of the case that he was subjected to excessive use of force, and other tortious conduct by Dickson City Officer Seth Goodwin on November 1, 2010. The Plaintiff had committed no crime and was not a danger to himself or to others. The Plaintiff we severely injured at the time he was assaulted by Officer

Goodwin. It is the Plaintiff's theory that the City of Dickson failed to properly train and/or supervise Officer Goodwin; therefore, the City of Dickson, Tennessee is vicariously liable for Officer Goodwin's tortious conduct. It is the Plaintiff's theory that the excessive use of force was a violation of his civil rights.

      (b)    <u>Defendant's theory of the case.</u>

Defendants deny that Plaintiff was subjected to excessive use of force or any other tortious conduct by Dickson City Officer Seth Goodwin on November 1, 2010. On said date, Officer Goodwin was sent to the scene of an automobile accident on Highway 46 South in the City of Dickson, Dickson County, Tennessee. Upon arrival he was advised by emergency personnel that the Plaintiff had in his possession a knife. The Defendant Goodwin requested the Plaintiff turn over the knife to him, but the Plaintiff refused. Defendant Seth Goodwin then removed the knife from the person of the Plaintiff. Defendants aver that at all times Defendant Seth Goodwin acted as any reasonable officer would under the facts and circumstances of the situation. Defendants affirm and plea that they cannot be liable to Plaintiff because at all times Defendant Goodwin acted in the course and scope of his discretionary authority and did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.

Defendant City of Dickson, Tennessee asserts that there is no vicarious liability or respondeat superior theory of recovery against it pursuant to 42 U.S.C. § 1983. Liability under § 1983 may not be imposed on a municipal governmental entity merely because it employed an individual who is alleged to have engaged in some form of unconstitutional conduct. Defendant City of Dickson, Tennessee denies that any alleged violation of Plaintiff's constitutional rights was caused by or resulted from an official policy or custom of the City of Dickson, Tennessee and/or any alleged failure to train and/or supervise. Defendant City of Dickson, Tennessee asserts that any state law claims against it are subject to the Tennessee Governmental Tort Liability Act and all

the defenses and immunities available therein.

Defendant Seth Goodwin is entitled to qualified immunity pursuant to 42 U.S.C. §1983. At all times relevant to this action, Defendant Goodwin acted as any reasonable officer would under the facts and circumstances of the situation. The degree of intrusion into Plaintiff's personal security was extremely minimal and reasonably related in scope to the situation at hand. Defendants affirm and plea that they cannot be liable to Plaintiff because at all times Defendant Goodwin acted in the course and scope of his discretionary authority and did not violate any clearly established statutory or constitutional rights of which a reasonable officer would have known, thereby entitling Defendant Goodwin to qualified immunity from suit and damages.

The Defendants further aver that punitive damages are not recoverable against the City of Dickson or under the Tennessee Governmental Tort Liability Act and that the Defendant Seth Goodwin is an employee of City of Dickson, Tennessee pursuant to Tennessee Code Annotated §29-20-102(2), such that he is immune from suit and none may be brought against him as set forth in §29-20-310(b).

III. Schedule of events.

(a) The parties shall exchange Rule 26(a)(1) initial disclosures ~~by the close of business not later than~~ on or before January 20, 2012;

(b) The Plaintiff shall make Rule 26(a)(2)(B) disclosures, if any, ~~by the close of business~~ on or before May 31, 2012;

(c) The Defendant shall make Rule 26(a)(2)(B) disclosures, if any, ~~by the close of business~~ on or before August 30, 2012;

(d) All written discovery shall be submitted in sufficient time for answers to be due ~~not later than the close of business~~ on or before April 30, 2012; The deadline for filing motions to Amend the pleadings is May 5, 2012.

3

(e) All depositions of fact witnesses shall be completed ~~by the close of business~~ on or before on August 31, 2012;

(f) All dispositive motions shall be filed ~~not later than the close of business~~ on or before on October 31, 2012;

(g) All responses to dispositive motions shall be filed ~~by~~ on or before November 30, 2012 or not later than thirty (30) days following the ~~receipt~~ filing of any ~~response~~ Motion, whichever is earlier; and

(h) Replies to dispositive motions are not required; however, all replies to dispositive motions must be filed ~~by the close of business not later than~~ on or before ten (10) days following the ~~receipt~~ filing of any response.

(i) The deadline for filing discovery-related Motions regarding fact discovery is September 3, 2012.

IV. **Estimated trial time.**

It is anticipated that the trial will take three (3) days.

V. **Trial date.**

As determined at the case management conference on January 5, 2012, this action is set for trial on March 19, 2013, at 9:00 a.m. The Pretrial Conference is set for March 1, 2013, at 10:00 a.m.

IT IS SO ORDERED.

_____
~~JOHN T. NIXON~~ E. Clifton Knowles, United States District Court Judge

APPROVED FOR ENTRY:

s/Timothy V. Potter
TIMOTHY V. POTTER   #17520
HILARY H. DUKE   #24403
Attorneys for Plaintiff
Reynolds, Potter, Ragan & Vandivort, PLC
210 East College Street
Dickson, Tennessee 37055

4